IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALBA M. INGRAM,

    Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO and JUNKO CRAFT,

    Defendants.

No. C 04-00239 JSW

**ORDER GRANTING SUMMARY JUDGMENT MOTION**

On September 20, 2005, Defendants City and County of San Francisco and Junko Craft filed a motion for summary judgment. On September 22, 2005, this Court issued an order indicting that Plaintiff Ingram, proceeding pro se after the withdrawal of her counsel, Richard Rogers, had an obligation to file an opposition to Defendants' motion. The order explained that failure to do so may result in the dismissal of the case with prejudice. The order stated that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure would, if granted, end Plaintiff's case. *See Rand v. Rowland* 154 F.3d 952, 953-54 (9th Cir.1998) (en banc).

The order further set out the requirements of opposing a motion for summary judgment and indicated that Plaintiff had until October 7, 2005, to file an opposition to Defendants' motion for summary judgment. By subsequent order dated September 28, 2005, this Court extended the due date for Plaintiff's opposition until October 21, 2005. Once more, after having

received a request to extend the deadline by Plaintiff, this Court issued an order on October 25,

1  2005, extending both discovery and the deadline to oppose the pending motion for summary
2  judgment until December 23, 2005 and set the motion for hearing on January 20, 2006.  By
3  letter dated December 21, 2005, Plaintiff informed the Court that she would not oppose the
4  motion for summary judgment.

5        A principal purpose of the summary judgment procedure is to identify and dispose of
6  factually supported claims.  *See Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986).  In
7  order to withstand a motion for summary judgment, Plaintiff must set forth specific
8  facts showing that there is a genuine issue of material fact in dispute.  Fed. R. Civ. P. 56(e).  A
9  dispute about a material fact is genuine "if the evidence is such that a reasonable jury could
10 return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248
11 (1986).  In the absence of such facts, "the moving party is entitled to a judgment as a matter of
12 law."  *Celotex Corp*., 477 at 323.  In opposing summary judgment, Ingram is not entitled to rely
13 on the allegations of her complaint.  *See* Fed. R. Civ. P. 56(e); *cf. S. A. Empresa de Viacao*
14 *Aerea Rio Grandense* (*Varig Airlines*) *v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir.
15 1982) (stating that "a party cannot manufacture a genuine issue of material fact merely by
16 making assertions in its legal memoranda").  Rather, Ingram must set forth specific facts
17 supported by admissible evidence, *i.e*., affidavits or certified deposition testimony, showing that
18 there is a genuine issue for trial.  *See id.*; *see also Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir.
19 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)).

20       Finding the motion well-taken and finding no dispute of material fact, and having given
21 Plaintiff three extensions of time to take the necessary discovery and file an opposition to the
22 pending motion, the Court GRANTS Defendants' motion for summary judgment.  A judgment
23 will follow.  The hearing date of January 20, 2006 is VACATED.  The Clerk shall close the file.
24       **IT IS SO ORDERED.**

26 Dated: January 9, 2006

                                      JEFFREY S. WHITE
                                      UNITED STATES DISTRICT JUDGE