**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALBA M. INGRAM,

    Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO
and JUNKO CRAFT,

    Defendants.
_____/

No. C 04-00239 JSW

**ORDER DISCHARGING ORDER TO SHOW CAUSE AND DENYING COSTS TO DEFENDANT**

This matter arises from a judgment entered against Plaintiff and in favor of Defendant on January 9, 2006. On February 9, 2006, the Clerk taxed costs in Defendant's favor in the amount of $2,411.85. On February 13, 2006, the Court issued an Order to Show Cause to Plaintiff directing her to show cause to the Court why these costs should not be included in the judgment. The Court has considered Plaintiff's response received on March 3, 2006, the record in this case, and relevant legal authority and HEREBY DISCHARGES the Order to Show Cause.

Federal Rule of Civil Procedure provides, in pertinent part, "[e]xcept where express provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). While there is "a presumption in favor of awarding costs to a prevailing party," Rule 54(d)(1) "vests in the district court discretion to refuse to award costs." *See Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (citing *National Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th

Cir. 1995)) (hereinafter "*AMAE*").  A court's discretion in refusing to award costs is not unlimited and, if a court elects to deny a prevailing party costs, it must articulate its reasons for doing so.  *Id.*  In this circuit, appropriate reasons to deny costs include, but are not limited to, a losing party's limited financial resources, a prevailing party's misconduct, the extraordinary nature of a case, and the close and complex issues involved.  *See, e.g., AMAE*, 231 F.3d at 592-93; *National Info Servs.*, 51 F.3d at 1472.

The Court has determined that this is an appropriate case to exercise its discretion and deny costs to Defendants, notwithstanding the fact that they were the prevailing party.  The Court granted summary judgment in favor of Defendants because it found the motion well-taken and unopposed.  Due to Plaintiff's lack of funds necessary to secure counsel and the fact that her original counsel withdrew from the case, Plaintiff was unable to counter the motion.  Further, the issues involved in this case were complex and related to Plaintiff's pursuit of alleged violations of employment discrimination.  Thus, although Plaintiff ultimately did not prevail on her claims, the Court declines to include Defendants' costs in the judgment against her.

**IT IS SO ORDERED.**

Dated: March 8, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE